This matter has been documented for a while and we've worked through a number of scheduling problems and so forth to finally reach a date to have the council present. So we appreciate your presence and your briefing and we look forward to some illumination from you during council. If you're familiar with our rules and the lights green, you've got a full run. If it's amber and you plan to hit some other point, you might as well go ahead and do that. If you have a red light, you should stop. It bears remembering part of this is to get answers to the questions we have. So we want you to fully answer the questions that we have. I will say that, as you know, based on the stages in this case, we put forward to each side a series of questions to respond to those in writing. But it would be helpful to us in addition to the other arguments you plan to make that you would address the questions that we put forward. Otherwise, we're ready to proceed. We call Mr. Griffith. How do you pronounce it? Worship. Okay. Didn't want to butcher you. May it please the court. Nearly eight years have passed since Scott Panetti was last evaluated for competency to be executed. During that time, Mr. Panetti's mental health has notably declined. We provided state courts and federal district court with new and recent evidence that indicates a substantial change in Mr. Panetti's behavior and a qualitative difference in the nature of his psychotic symptoms. There are four main pieces of evidence that we provided. The first was Mr. Panetti's unprecedented request to be prescribed anti-psychotic medication. Prior to that, nearly 20 years on death row, Mr. Panetti had insisted that he had been cured of his schizophrenia. Counsel, we know that your client has a long history of mental difficulties. I don't think that's a challenge. I want to direct you to the procedural posture we're now in. I find it somewhat confusing. If you'll just help me along, if you would. Turn the clock back. We have Panetti on his own death row. He's had prior, earlier hearings, about seven years or so since he's been examined for his competency to be executed. Now, we have a filing by the court of a date of execution. We'll come back to the circumstances of that. At that point, what procedural processes did you have available to you when you learned of the execution date? Your Honor, the procedural avenues that we had available to us was Article 4605 of the Texas Code of Conduct. Keep your voice up. I've been in this courtroom many times over the years and the acoustics get worse every year. The procedural posture, the procedural vehicle that we had available to us was Article 4605 of the Texas Code of Conduct. 4605 is the statutory response to the Ford remedy. So that's the pathway. What did you do with that? Well, Your Honor, we went into state court. We asked for a stay of execution. We asked for appointment of counsel. Where did you go in the state court? We went to the trial court, to the conviction court. So we asked the conviction court to stay the execution. We asked the conviction court to appoint us as counsel for purposes of the Article 4605 proceeding. And then we filed a motion for expert investigative assistance. But you didn't file the 4605 petition? That's correct, Your Honor. We did not file that petition because we did not have enough evidence, we believe, to meet that threshold under 4605. And the state was insisting that that threshold should actually be a higher one because Mr. Panetti had previously been determined to be confident under 4605. I think that's arguable, number one, because it's the Supreme Court of the United States. Well, do you maintain then that counsel, that the defendant in these circumstances, is always entitled to counsel and expert assistance in order to meet the threshold to determine whether to go forward? No, I'm not, Your Honor. I would think not. The threshold is simply to see if there's enough there to warrant turning on the engines that go with this process, right? That's correct, Your Honor. Well, what's the basis for your entitlement to counsel? And part of my question, and the other part of the question, is he was already represented, right? He was represented in federal courts by myself and the co-counsel, but he did not have, we were not appointed for purposes of Article 4605. And that's what we were litigating, trying to get appointed, compensated counsel. You did not think that you had the authority under your appointment to represent him in the state agents? No, Your Honor. Or was it a matter of compensation? I don't intend to be a majority term. It takes money to prosecute these cases. Right, and that's exactly what we didn't have, Your Honor. Was that the purpose, to get you a federal appointment so you could get paid? And you get an expert, and more importantly, I must say, to get an expert appointed, it could be compensated. Right, I mean, it basically boils down to having expert assistance, having funding, so that we can have an expert who can review the evidence that we did put together to make our initial showing under Article 4605. How do you differentiate yourself from a whole range of other cases of people who can't meet the threshold? What does the threshold mean if you're saying, I think, the effect of your argument is that you're entitled to federal appointment and expert assistance in order to even go forward at all? And if that's true, then it would appear to me that the rule would then be that those appointments are made in every situation. I don't think so, Your Honor. There still has to be that initial threshold, which we think is a colorable… Well, understand what you said. You need this to make the threshold. Well, now I'm talking about just making a colorable showing that would entitle us. Well, you said a colorable show in your pleadings, but that's really not the language of the statute, is it? That's not the language of the statute for purposes of getting additional funding and assistance under Article 4605 once that motion is filed. Let's be clear. What you're asking us to find is that antecedent to the threshold determination, a demonstration of a colorable claim is sufficient to trigger your right to appointed counsel, federal counsel, and it says in the discretion of the court, expert assistance, correct? That's correct. I mean, we're not asking this court to… Well, is that why your argument, was that what relates in so far as your procedure and the way you proceeded? That is your argument. Well, our argument is that we're asking this court to decide whether or not the district court was incorrect in failing to appoint us. I understand that. We'll get there. In order to get there, we have to go run the clock back, in my mind, to walk us through how we got to where we are. And we're not asserting that every court claimant is entitled to counsel or to expert assistance to make that threshold, but we believe that we had provided enough information, based on the records that we were given by the prison, to show that Mr. Panetti had some substantial changes in his behavior and a qualitative difference in the nature of his psychotic symptoms in the last couple of years. Didn't the state district court say, go ahead and file, you can file a bare-bones 46.05 petition, and you can freely supplement it, I'll give you time? Why didn't you take them up on that offer? Because without expert assistance, Your Honor, it wouldn't have made any difference. But you would have gotten expert assistance had you filed under 46.05, wouldn't you? We don't believe we would have, Your Honor. That's why we didn't file it. That's what's troubling to me, because in your brief, you cite these other cases where the state of Texas does give counsel, they do give experts, when a 46.05 petition is filed. And it seems to me, had you filed that in the state and said, no counsel, no experts, you would be on a different footing. But it seems that you have to show that your remedy in state court is inadequate, and I don't see how you could show that when you didn't ask for a 46.05 hearing, and ask for counsel and experts to beef up, when the state made the offer, I'll give you, you can file a bare-bones, I'll freely allow you to supplement. The cases that we cited in our brief, Your Honor, were cases... I know they gave it pre-46.05. They gave it pre-filing. But you didn't get to, you didn't file a 46.05 and the state said, no experts, no counsel. So how do we know the state would say no? How do we know the state wouldn't give you a full and fair opportunity to develop your evidence in a 46.05 proceeding? Well, part of the reason I believe it's under 46.05e is that there's a higher threshold at that portion of the statute placed on the... Well, if the state court said, I'm going to give you running room, breathing room here, and they would have done that, we don't know that they wouldn't have done that. It seems to me you have to at least try. I think the problem is that if we had failed to make that threshold, then there would have been a determination. Well, then you could say they didn't give us adequate time, they didn't give us counsel, they didn't give us experts. Then you could say, I tried to exhaust state remedies, and they're inadequate. You were afraid to file a scalpel petition because you're afraid that if you had a quick determination, then you'd be bound by the determination. In essence, you didn't trust, it sounds like you didn't trust the district court to treat it as a scalpel petition and let you develop it. Based on our own experience, your honor, that without a face-to-face evaluation by a mental health expert in the motion for, under article 46.05, the courts will not find that the petitioner has made the threshold shown. We believe it is absolutely imperative that we have at least some preliminary report by an expert who had conducted a face-to-face evaluation of Mr. Frenny. Without that, we weren't going to meet the threshold. Our argument is that the state court process and circumstances of our particular case rendered the state court process ineffective to protect Mr. Frenny's rights. We're not at that stage yet. We're simply asking for an opportunity to move this claim forward. In the federal court, in a habeas action. You're done with the state as far as you're concerned. We may be done with the state. There's two things to keep in mind, your honor. We're still asking for an opportunity to develop this claim. There may not be a claim of present incompetency to be executed. But I thought you asked for counsel to file a federal habeas petition. That's what your briefing said. That's correct. You're not asking for federal paid counsel to go back to state court. That's correct, your honor. You want to bypass the state. You said we've been there, done that. We're ready to go directly into federal habeas proceedings. Well, we believe we should be allowed to file a federal habeas petition. It's going to be up to the district court at some later time in the future. If we do file a federal habeas petition raising a foreign claim, that claim needs to be exhausted and sent back. And that's based on the state making that affirmative argument that we must go back. And that's the district court deciding that the state court process wasn't in effect. You haven't filed a federal habeas petition yet. Excuse me, I'm sorry. You haven't filed a federal habeas petition. When do you intend to do that? You said you had to have a lawyer to do that. You are a lawyer. Yes, your honor. And you're federally appointed. That's correct, your honor. But? What else do you want? We need expert assistance, your honor. We need authorization. So it comes down to just the assistance from an expert assistant. Yes, your honor. And I think this court's decision in turn really provides the guidance that the court needs for determining how to address. What I'm saying is when you went before Judge Sparks, you just went there on a motion, didn't you? What did you file before Judge Sparks? With Judge Sparks, we filed an extensive motion for stay of execution that included all of the. I understand that. Yes. He has to stay on execution. What relief did you want him to make a point with? Did you file a habeas petition with him? No, we didn't, your honor, because I believe that this court's decision in turn, coupled with McFarland, say that 3599 gives the appointment of counsel. You're asking him to appoint counsel until you could file a federal habeas petition. And we hope to file once we had expert assistance and someone who could evaluate Scott's committee face-to-face. So that's what we needed. And if we get that, if this court grants that, then my hope is that we will eventually file a federal habeas petition. What did you want this court to do? We want this court to formally appoint us. We were denied appointment. Okay. And we want this court to authorize reasonably necessary funds for expert investigative assistance. And we want this court to keep the state... And then do what? And then the court case would be remanded to the district court to... Back to Judge Sparks. Correct. With instruction to what? Instructions to provide reasonably necessary assistance, which would include an expert, and that we would be given a meaningful opportunity... To enable you to file your federal habeas. That's correct, your honor. And at that point, then, the state can present evidence and present legal arguments, affirmative defense, as to why we shouldn't be in federal district courts. So we're not filing a federal habeas petition, but we're not at that point yet. And I think, as I said, the decision by this court and her is actually very much on point with what we believe the court should do in district committees. You said you made a coverable showing before Judge Sparks? Yes. What is that evidence? In summary, what was it? In summary, this unprecedented request to be prescribed anti-psychotic medication, something he had never done in nearly 20 years on death row because he didn't believe he was mentally ill. For the first time, Mr. Panetti admitted to mental health treatment staff at the prison that he could no longer cope with his psychotic symptoms through reading the Bible and prayer. And the third piece of evidence we provided was that Mr. Panetti was reporting delusions greater in scope and in increased intensity, including this paranoia that correctional officers and prison gangs were in a conspiracy against him, were tampering with his food, and were contacting his family members on the internet. And that Mr. Panetti believed, in addition, that he was being executed because, not only for his religious beliefs, but because he was speaking out about this corruption at prison. And then the fourth piece of evidence we provided is that Mr. Panetti was found to have committed serious disciplinary offenses for the first time in his nearly 20 years on death row, the most serious of which… So you're saying that Judge Sparks was an error in his determination that he really hadn't heard anything that was significantly distinct from the evidence he had heard previously? Yes. Judge Sparks, we believe, used the prior competency determinations almost as a means of resolving the current one. Well, you don't think the error for the judge inherent in this court process is that, on multiple occasions, the trial judge is going to acquire, judicially, a great deal of knowledge about the case. Are you suggesting anything in error in Fort Risely saying, this is what I've heard before, and I have that before me, what else you got? And then he says, I don't see or hear anything different. He doesn't start a press. You don't get a new judge. Do you agree with that? I agree with that. We don't get a new judge. But I don't agree with… I respectfully don't agree with the use of these prior competency determinations to resolve the current one. And that's because of… Help me with that. What do you mean, the use of the prior competency determination? Is he supposed to put that out of his mind? I don't understand what you mean. I think it has limited relevance for purposes of determining whether or not counsel should be appointed and funding should be granted. And that limited relevance is solely to determine whether or not Mr. Penetti has… Your color was showing as a threshold showing that you can go forward. And if it hasn't changed, you're still under the prior ruling. The whole issue is, has he, in that seven-year period, deteriorated to a point that he is now incompetent? That's correct. But that's not what the judge did in this case, I believe, Your Honor. What Judge Sparks ended up doing was weighing that evidence, the new evidence, and weighing it against the previous evidence that had been presented and then making an adjudication on a claim that we hadn't even filed, saying it wasn't measurably different. And I think the only question the court should be asking at that point is, is the evidence new? Meaning, did this evidence exist at the prior competency determination? That's… How would you frame the question that Judge Sparks, in your view, should have answered? He should have answered that this was new evidence, and that this evidence was not trivial or insignificant, and that this evidence was not being presented for purposes of delaying at the last minute an execution. That's what that threshold… Well, it sounded to me like that's what – that Sparks answered that question. He didn't disagree with it and challenged that, but I thought that's what he was saying. Well, I think the problem is that he was weighing that evidence, he was adjudicating it, in a sense, at a threshold stage where I don't think it was appropriate because if he's determining that the evidence is not materially different, and we have not had an opportunity, especially in light of Dr. Penn's affidavit, that Dr. Penn's affidavit was presented in order to show that Mr. Panetti's condition had not markedly changed. And once that affidavit was submitted, we believe that implicated some serious constitutional problems about due process. We never had an opportunity to rebut that affidavit from the state's own expert with our own expert, or to explain the inadequacies of that affidavit submitted by Dr. Penn. What's wrong with – what if we issued an order saying we appoint you as federal counsel, pre-petition, but we strongly suggest to the district court that there are going to be exhaustion issues here, and that he's going to proceed to remand the state court for you to exhaust your four claims? We're going to be right back in the same position, Your Honor, if we don't have expert funding. Well, why don't you file 4605 and see what the state gives you or doesn't give you? Because then you can be on the record. If you don't give us enough time, you don't give us adequate resources, then you can bring it in federal habits. But you haven't given the state, it seems to me, an adequate opportunity for you to exhaust your remedies. You're trying to bypass the state. We are not trying to bypass, Your Honor. We've made an honest effort to try and make our 4605 threshold showing. And I would direct this court's attention to Green v. Phelan, where this court said that the petitioner in that case trying to append onto a 2010 determination that he was competent to be executed by the state courts attempted to append two years later in this court new evidence that suggested he was no longer competent. And this court said that that prior determination of competency was not undermined by the new evidence. And that new evidence was actually a new claim. And that this court was not going to contemplate filing or asking the district court to provide funds to investigate and to examine Mr. Petitioner in that case. Your pathway in the future, as I understand it, is to ask us to basically reverse the federalist judge at its part and return the case to him, I suppose. With direction to the court counsel and give you expert assistance. And then with that, then you will go back to the state court. And my question is, what is available to you under the statute, what I call the court statute, the state statute now? I thought that the state had already, the state court had already in essence dismissed that whole process. You bypassed it or they had turned you down in essence. Because you didn't file a motion. It wasn't treated as a fraud. I'm not quite sure. I shifted gears on you. Go back, what I want you to do is to walk us down the path that you want to travel. If we send it back to Judge Sparks, and it would have to be because we think that he was in error in not making the appointment, right? That's correct. In other words, we've got to conclude in your view that you did make a colorful showing. That's correct. Okay, and then he does that. Now what do you do? Well, the hope is that we would also have funding for expert assistance. I'm assuming that you get both. You get funding for a lawyer and funding for your expert. Yes, and that would then have an opportunity to investigate and develop a claim that Mr. Panetti is presently incompetent to be executed. At that point, if he did have such a claim, he would file a federal habeas corpus. You don't go back to the state court. We don't go back at that point, Your Honor. There may be a point later. Okay, you're going to go there, and then the state says you have an exhaustion to remedy, and then you say, well, hold this. We're going to go back. Now you go back to the state. But you would argue you have exhaustion. We would argue exhaustion is excused, Your Honor. But if we have that expert assistance and counseling to investigate this claim. I'm not talking about whether that helps you. It has to proceed. I don't question that. I'm just trying to see precisely what the pathway for this case to proceed. Well, speculating that the district court may. I'm not sure what's open to you in the state of Texas right now. Well, I think if the court, if the district court said that we have failed to exhaust, then there's nothing preventing us. There's no procedural bar, as there would be under Article 11071, for getting back into state court. And now raising this claim through an Article 4605 motion. But now it's a developed claim. And I believe now with expert assistance, we can meet that threshold. You're actually asking the federal courts to give you the lawyer and expert to develop a case that you then can take back to state court. Well, we don't think we should have to take it back to state court, Your Honor. We think that we've provided an opportunity, we're denied an opportunity to present this claim. But if there's a failure to exhaust issue that the court says, no, you didn't exhaust, then you'll take your federally paid for claim back to state court. Yes, Your Honor. And I agree, it sounds like a very inefficient process. And it doesn't seem right that the federal courts have to pay counsel and state court to exhaust state court proceedings. But we attempted to get that type of funding through experts and counsel. It was denied us. And I think that is certainly adequate information, adequate circumstances that show the state court process does not pass. I understand one of your additional complaints about the proceedings before it starts was you contemplate that it's showing, even the color was showing, and also showing an additional threshold showing. That you will actually, I'm not going to say that, but what I want to be clear about is that I thought you were saying that when you went forward to make your threshold showing, that in essence would contemplate an ex parte type of presentation, or at least a non-adversarial presentation. And that you then were faced with an adversarial response because the state, while resisting your opportunity to obtain appointed counsel and to expert assistance specifically, employed Dr. Penn, an expert, and had the man examined, and filed that with the Texas Court of Criminal Appeals. Is that correct or not? Yes. But is that a basis? What relief do you see from that? What do you do with that? Well, just one clarification. Dr. Penn himself didn't evaluate staff, and he asked other qualified mental health professionals to attempt to evaluate this. But what we do with that is we believe that that filing by the state triggers due process concerns in Florida and Connecticut. Yes, I understand. All of this is a due process argument. You're directing that to Judge Barnes. Did you do that? Yes, we did. We raised the due process arguments. Our first line of argument, of course, was statutory grounds, Section 3599. What relief does he give you? Let's assume that that was a denial of due process. What relief do you get? Well, I think we get funding for an expert who can examine Mr. Panetti and then refute or challenge the adequacy of Dr. Penn's affidavit. The remedy would be to equalize the state, get you an expert, get you a higher level. You hired an expert. They were well-funded. They got an expert. They filed that. And in order to have a due process, we're entitled to apply to that with expert assistance. That's exactly right, Your Honor. In fact, the Supreme Court in Connecticut said it's a counterweight. I'm just trying to get clarity to these arguments. I understand, Your Honor. I see the red lights on. I have another question. Did you argue in state court that Article 4605 is unconstitutional because the threshold requirement that someone who, let's assume that they are mentally incompetent to make, can't be made without counsel or experts? We put that in a footnote, Your Honor. It wasn't the basis for any argument. I believe it was a constitutional argument. Wouldn't a federal court have to find that the state process that's provided by statute is unconstitutional? And if you haven't asked the state courts to pass on that in the first instance, how can we pass on that? I don't think we have to determine, this court has to determine whether any of the 4605 procedures are unconstitutional because I think under Section 2254B, which talks about excusing exhaustion, it's just a matter of whether the state court process in that particular set of circumstances were inadequate to protect Mr. Panetti's rights. The reason you're saying they're inadequate is the wording in 46.05. You're saying that you can't meet the threshold of 46.05 and you shouldn't be required to. Well, that was one of the reasons, Your Honor. But you're saying it's unconstitutional, but did you make that argument in the state court? Well, we made the argument that 4605E shouldn't even apply to Mr. Panetti. Well, assume you lose on that. Did you argue that 4605E is unconstitutional because it sets too high a bar for someone who's been in conflict? Your Honor, to be honest with you, I'd have to take a look at that. I believe it's just a lengthy footnote that we made that argument, and I don't know if we raised it in a constitutional fashion, but we did say that certainly when the Supreme Court remanded Mr. Panetti's case, one of the reasons they did that was because they found the state court process unconstitutional. And so any fact findings that came out of that 2004 competency hearing in and of themselves are unreliable, so placing a higher burden on us in that instance. But now we have Judge Sparks rule against you and we're starting over the new proceedings, so we don't have a determination that the statute on its face is unconstitutional. We do not, Your Honor. And we don't have a ruling from the Supreme Court that as applied to Mr. Panetti in the present circumstances is unconstitutional. It seems to me that would be a threshold requirement before we could say that the state process is inadequate. I thought your constitutional argument was about as applied on the definition when you raised it. Well, I agree with that. Did you make the as applied argument that it's unconstitutional? Yes. We made the as applied argument in the circumstances of Mr. Panetti's case to pipe him up to the due process in the Article 46.05 proceedings, but I don't think the court needs to grapple with all of those issues at this simply asking for appointment stage and asking for expert funding under Section 3599. Well, it seems to me it bears on the likelihood of success on the merits and why should the federal courts pay for federal counsel if you have no, and I'm not saying you don't, I'm saying if the district court found you have no possibility of success because of exhaustion issues, failure to raise issues, isn't that something that should go into the equation of whether the federal district court appoints counsel? I don't think we're dealing with fatal procedural bars because of the unique nature of court claims. This is a brand new claim that the filing of a petition in the district court is considered part of the initial application so that there isn't any reason to worry about the fact that this might be barred if we were to go back or that we haven't exhausted and we're going to be procedurally barred because we can't meet subsequent application provisions of Article 1171. None of those apply because of the unique nature of court claims. You still have to present to the state court. I only have two tailing questions. One, is it your view, as soon as we got to where you asked my question, is it your view there's no circumstance in which you are now barred in the Texas state court to pursue a claim that you didn't pursue initially? I can't think of a situation where a court claim would be barred, especially because of the fact that the courts have recognized the dynamic nature of severe mental illness. That's kind of spouting an abstraction to me. That doesn't really mean anything to me. I understand you're saying it's nuanced and it's different and all of that, but I'm saying in case it's your site category that says all this, that you get to having to say all the constitutionality of the Texas statute, you can kind of bypass it strategically. We haven't yet, of course, embraced this strategic move not to go to the first. I just want to make sure I'm clear that if you got a claim that was sent back to the state court, is it your view that there's no way you're barred in that the Texas court cannot conclude without a law that you're barred from pursuing a claim now that you didn't have before? I don't think there is, Your Honor. I do want to be clear and respectfully disagree that we didn't strategically avoid Article 4605. We were not petitioner-agreeers. We attempted. I take back the strategic, but the record reflects there wasn't one filed. The statute wasn't hidden. So we were aware it was there. My last question again, am I right in the jury versus the state? Were you the same counsel in that case? Yes, I was. So you had Mr. Howell on both sides of that case, right? All right. No? I saw Justin Howell. I think it was Justin. All right. You were in that case, right? That's correct, Your Honor. What I'm trying to do is this part to get clear in my head. I heard you say to us and rattle off the four pieces of evidence you feel in this instance are the demarcation between what was before and what was now, right? All right. In my reading of the jury, I'm going to take a look at what was found. It was the quotes that stand for showing falsehood. When I look at your counsel there, in that case, pleading, supplemental pleadings, prison records, et cetera, one thing I see there that I don't see here is that in that case you had an expert opinion by a psychologist as part of the package. My question is, if that's the 4605, what was the mechanism to have an expert opinion as part of the package and presenting a similar kind of thing that was missing in the capitalist statistics? The exact same thing that we did here, Your Honor. We filed a motion. You had an appointment. You had an appointment of that expert in that case and that was how the expert was able to file it. That's correct. We received funding for that expert's assistance prior to filing the article 4605 motion. And that motion had been granted by the state court. The motion was not granted by the state court. The Texas Court of Criminal Appeals found that we did make a correctional showing under article 4605. Well, yeah, in their opinion, I'm told that they found you had made the showing, correct? That's correct, Your Honor. But the district court found that you did not, correct? That's correct. Okay, I'm saying in the package presented to the district court was the opinion of the expert. So at that point, the court said you hadn't. I'm trying to find out how you had availability of the expert to make your substantive showing in that instance. And in this instance, in the absence of the expert, what was the funding mechanism for that presentation? Yes, Sam, of course. I think so, Your Honor. We filed a motion for expert assistance, for expert funding, in the Marcus Brewery case. In state court. In state court, with the convicted court. And that court granted that motion, provided us, I don't remember how much money. State trial court. State trial court. Okay. And that's, I presented some, a handful of cases in the briefing, which state trial courts have avoided. The very questions we're grappling with here today, because they did provide counseling and pre-filed assistance. Okay. Well, I'm sure it's something I'm missing. I'm just trying to figure out how you found that motion. In that case, in state court, when you got appointment of the expert, why was that not available or happening in this case, in the same state court? Is that what you're saying? Well, it wasn't the same state court judge, but it's certainly exactly the same procedure we used in the Marcus Brewery case. The outcome is entirely different. All right. Because there's no explicit provision in Article 4605, as there is in Article 11071, for pre-filing assistance of experts. In Article 41071, there is. And it's kind of a colorable showing threshold. Specific facts that suggest a claim of possible merit. But because of the fact that Texas Court of Criminal Appeals has decided that court claims are not recognizable under Article 11071, places them into Article 4605, where there isn't an explicit mandatory provision for appointment of counsel for pre-filing authorization of funds for experts and investigators. All right. We'll hold you until the vote. You'll have a chance to come back up. Thank you for addressing the issues and answering my questions. All right. Mr. Allen. May I please report? The only question before the court at this stage is whether or not the district court used the discretion to deny Mr. Brennan's request for Section 3599 funding. He did not for two reasons. First, as per his request for experts and investigators, the court below did not view discretion because they were not reasonably necessary as required by the statutes. That is so because Mr. Panetti cannot overcome the threshold showing. Well, how can a person who is incompetent to be executed, assuming they are, how can they possibly meet the 4605 threshold without counsel or experts? Well, actually, in the Drury opinion, which Chief Judge Stewart referenced, the court walks through just how the Court of Criminal Appeals views this threshold show. And it contemplates that these sorts of things do not require experts or attorneys at that initial phase just to make that threshold show. Let's say he's so incompetent he can't write a letter to anybody. He's in solitary confinement. How does he even get a 4605 grant? He's going to be entitled to counsel, even if he's not. All he has to do is make some sort of showing under 4605 to allow him to put that initial showing of evidence, some evidence. How did you do that without a lawyer and an expert? And to add to that, when the state is represented and the state has hired an expert, then they won't even pay. Well, this actually brings up an interesting point. It may bring up an interesting point, but I'm taking that first. I'm sorry. I got my lines crossed here. Can you repeat your question? I'm sorry. Both of the questions are joined. The front end comes from the government, and the back end, oh, and the state has an expert which they don't have. So it's really one question. Right. Okay. So Drury actually says that in the state proceedings that it is more like 3599's predecessor, and then it's ex parte. And so the state isn't. The Drury actually, when it walks through this evaluation of what the threshold showing is required and demonstrating that it's not, it specifically says in state court in these 4605 proceedings that they're not intended to be adversarial. Well, if you back away from this and look at it, to me, if you contemplate a threshold, minimal threshold kind of a showing, and that's required in order for the prisoner to get a lawyer, that surely the state doesn't have the right to go engage experts and lawyers and to file, make those filings in opposition to the, to this unrepresented counsel who would also have to have expert assistance. Expert assistance in these cases is critical. This is not the ordinary case you get in many areas where expert assistance can be helpful. But no one, if anyone, understands psychiatry, I mean, it's a mental competence. So if anybody understands it, maybe the psychiatrist does. Surely no one else does. I don't disagree that expert assistance in psychiatry is necessary. Why do you get those and they don't in a threshold showing? That's all I'm asking. Well, under Article 4605, again, it's not. Okay, it says that. Why is that a patent? That's not out of due process. Well, this is what the Supreme Court contemplated in Ford was this threshold requirement. That until, and it serves a purpose to prevent delay. But they didn't say without counsel or without experts. They just said threshold requirement. My question to you is, how can someone who truly is incompetent to be executed, and I'm not saying that's what that is, but how in the world did they make the threshold showing without a lawyer and experts? How is that supposed to work? What we hear is. In a case like this, presumably a date is set, a notice is given, and the individual who is subject to that execution date would be required to. If mentally incompetent, has he met a 4605 challenge on his own? Well, practically speaking, these individuals aren't going to be proceeding per se. Okay, they get his brother-in-law who's a lawyer and says, I don't know much about this, but I would like to kick off a 4605 proceeding. I want you to hire my brother-in-law, a lawyer, and an expert. Well, again, an expert is not necessary at this stage, and we don't know here what might have happened. Okay, let's ask what might have happened. If he filed a 4605 where the state has said you're not entitled to counsel or an expert to develop the record, you've got to come with the record before you get to the filing stage, what would your position have been? Okay, so if he had come forward with the same evidence that he put in in support of – And said, I know I don't have enough, I'm filing under 4605, I know I don't meet the threshold, but if you'll give me a lawyer and an expert, I can meet, I think. What would the state say? Well, if he doesn't meet the threshold, then – Well, see, this is an impossible standard. This is the standard contemplated – It's impossible. Ford didn't say without a lawyer and without an expert. That's not what he said. I want to understand how the state plans to give due process to people who truly are incompetent to be executed to meet the 4605 standard. Well, again, the Court of Criminal Appeals walks through exactly what that standard is in Drew. With counsel and experts. The way the Court of Criminal Appeals lays out its understanding of the 4605 language is that it is not an adversarial proceeding, that the full due process protections do not attach until that threshold is shown in this manner. You didn't create this system. You just have a fun task of defending it. Well, then let me ask the question. Let's suppose it's non-adversarial. He gets a friend of the court to go file 4605 and says, but I need help to meet the threshold. In a non-adversarial proceeding, what does the state say? So sad, too bad, you can't get there on your own, so to hell with you? Well, not in those exact words. Well, what are the words? What would the state say? Well, this case, I think, provides an example of what it could look like. In this case, Mr. Rearsage and Mr. Panetti's attorneys requested discovery, and TDCJ provided, I think it was 4,500 pages of records of grievances and everything else that was distilled down and put in support of this motion to appoint counsel and request funding. Who's going to review those 4,500 pages of the history of this patient? The lawyers. They're talented lawyers, but they're not psychiatrists. To me, it's just telling that state's lawyers are able to assist as folks are. The first thing you did was to get a doctor and a psychiatrist to assist you and respond to that. That's all there was to the moral. Well, Mr. Panetti's attorneys also obtained a psychiatrist to review the records of data. He has no money. He's just depending on charity for that. Right. Again, it just comes back to the board, which said that the full procedural protections do not attach until that threshold showing is made. And how do you make the threshold showing if you're truly incompetent? We keep going around here. You cannot really, in good faith, sit here and say that's what the Supreme Court calls it. Can you? Assistance is available. Okay, how? How do they get assistance? Who pays for it? How do they get it? Just tell us if there's a due process, constitutional procedure to get assistance. How does it work? Currently, under the jury's interpretation of 4605 in the state court, it is not contemplated that these individuals necessarily have state-funded attorneys. Let me ask you a question. What's wrong with us simply than saying this back to Judge Barks and to say that, unfortunately, that the vacate is a decision that requires an appointed lawyer and an expert assistance to remedy what otherwise would be a signal denial of due process? And then the only result of that will be that we have a person who's threatened with execution, we'll have a lawyer and assistant to determine the fact and determine whether it is up or down. We don't want a capital punishment system. We can't run it this way. You're not going to have capital punishment. Right. Well, the problem here is that the procedure, as it's been, as it is in place under Article 4605, has not yet been invoked. So the question is not… All right. Let's move forward. Let's suppose Judge Barks appoints a lawyer. Judge Barks says you have not adequately exhausted your state remedy, sends you back to state court. Now, what is the state's obligation to appoint him counsel and an expert in his 4605 procedure? Again, under the current… So you're going to let him navigate those waters by himself, so then you're going to be right back at federal court and we're going to say lack of due process, let's have a full-fledged brand-new federal habeas procedure. Where does that get you? The exhaustion requirement that's present in the ethic serves a purpose, and that is to ensure that these claims get adjudicated, these state court judgments are adjudicated in state court before they are adjudicated in federal court. Right. And that due process is important. Now, when do you and at what point does the state inject due process into this 4605 proceeding? Once the threshold is showing. You're not helping us. What we have is language and statute that's passed by our legislature and the Court of Criminal Appeals interpretation. And, again, I would commend the jury discussion of that standard to the court because I think it's the most thorough and recent discussion of what is required. The jury just tells us that substantial is showing, but it's not the same as some of the evidence. Substantial is not synonymous with some of the evidence. We get that out. The other thing we get is in that case, they found that he had an excess narrative, but he had an expert as part of the package of what the district court had. And the Court of Criminal Appeals said the error was that the trial court weighed the evidence when it's supposed to be adversarial. And that's really what it teaches us. The jury is defining some evidence as not the same as substantial, so we know that. Number two is saying the trial court is not supposed to be adversarial because it's taking weighty evidence wrong. It's supposed to be just whatever the minimum is shown. In that case, I don't know what would have happened if the state had stopped the weight of the evidence. And, again, I don't know what would have happened there if there had been a back-and-forth affidavit in the mix, but that's really all jury discussion. I say all, but it's helpful at least to eliminate what the standard is. But in that instance, I just want to say it comes down to the opposite. Okay, where did Dr. Mastin come from? He says that the state appointed the expert, I assume pursuant to the state procedure. Is that accurate? No, it was actually a departure because in that case, they actually did obtain some of this preliminary funding with the office of the jury. That's my understanding, and my friend in opposition may be able to explain this better because I was not involved in that case. But my understanding is that they did request this preliminary funding, just as they did here, before they filed their Article 4605 motion and obtained some funding, but then did not obtain the funding to go forward with their full claim. So that's what the Court of Criminal Appeals probably wants. Well, that's the difficulty I had. I mean, I read the case back then, and I read it once, but it doesn't tell you anything in terms of where Dr. Mastin came from. I don't know where she came from, but I mean, she's part of the calculus that the Texas Court of Criminal Appeals said was sufficient for individuals' burden. But it's not evident from the opinion. I didn't use the district courts. How counsel can adopt in that calculus, because the rest of it is the same thing here. Pleadings, prison records. We know that it's definitive. They had a battle about discovery. But the ingredient of discovery is that there was a doctor that interviewed him, and the question was she didn't have all the records she had to review, but it's not lost on anybody. They said that's it because they said the judge should have waited. So I'm just trying to understand, as a Louisiana lawyer, the Texas procedure in terms of, you heard here earlier, if similar situations in the Texas court made the funding request like Roddy, assume the state will oppose that because you would say he's not entitled to it until he makes it shown. Right, and that's what happened here. They made this request for sort of preliminary funding, and we responded to that and said no funding mechanism comes through Article 4605. And until you invoke that procedure, we oppose your motion. The state district court said you've got to get a 4605 motion on file, and as the judges noted earlier. But the difference is you opposed it this time and the other time you didn't oppose it. Or did you? It sounds to me like the trial judges went with it both ways. Well, to date there has not been a 4605. He adopted the state's position. I don't know if it's right or wrong, but he adopted the state's position. The first time you didn't oppose it, it was granted. The second time you opposed it, it wasn't granted. Did you oppose it in jury? Did the state oppose funding? I think that was the problem the CCA had is that the state did oppose it, and the court in the field said no, at that stage it's a preliminary or, I'm sorry, it should not be necessary to proceed. If there is evidence contrary to their request, then it necessarily shows that they've overcome the threshold shell. That's my understanding of it. But to go back to your question. I'm just trying to understand. It's the same state thing. So I'm just trying to understand if the state opposed funding based on the legal principle that you are articulating here. In fact, it's the same principle. I'm just trying to figure out why that argument didn't carry in the other case. There's a state thing in the field. There's some consistency between existence. That's what I'm trying to understand. I understand quite well that he had vowed to do. I get it. I'm just trying to understand the mechanics of it. As you heard earlier, assuming we were to grant his motion here for funding counsel in just parts, since in fact we don't consider that. Whatever. We can't. And so if the court here were to say Judge Sparks abused his discretion when he concluded that the evidence was offered to make the threshold shell in the federal court, it was not different in kind. That still leaves Judge Sparks, and really this court should do that too, of this will now want the question. And that is the exhaustion question. And so it's only excused if the state procedure is ineffective. And that's what I'm trying to get at. Is the Attorney General prepared to stipulate that under no set of circumstances, unless uncounseled death row inmates can come in and make a substantial showing on 4605, under no circumstances would the state of Texas provide counsel and experts to help them make the 4605 showing? Right. And there's no precedent. I'm asking what's the state's position. Is that the state? Is the Attorney General prepared to put in writing to this court that under no circumstances will they provide counsel or experts to an indigent death row inmate to try to meet the 4605 threshold showing? Yes, Your Honor. I will state that subject to my ability to confer if I'm incorrect. So an indigent inmate is on their own until they meet the threshold 4605 stating no counsel, no experts. Correct. Not to meet just the threshold showing. And I think that is the current state of law. That's all the court requires. So why should we send it back for exhaustion if you're telling us there's no point? You have to send it back for exhaustion because it requires it. Well, if you're going to stipulate that that's the procedure they'll get, what's the point in sending it back? Because that's all the court contemplates. It says the court says that these threshold requirements are necessary, that the court expects that there would be high thresholds in certain cases, and that the full due process protections that the court discusses as being necessary to bring a competency claim do not attach until the threshold is satisfied. What Justice Powell spoke of, articulating it, I didn't define all the procedures that probably left us at the stakes consistent with due process to develop these procedures. And what you're hearing is substantial concern about the procedures that comprise the due process. Well, if the court concludes that the 4605 procedure does not comply with due process, as it was applied here, and I don't know whether we have to say more than you've turned it into an adversarial proceeding, at least in those circumstances, there was a work or a denial of due process. Well, I'd be prepared to say it's not as applied if the state would give some assurance that if he in fact filed a 4605 motion as the state court offered and said, I'll let it be bare bones, I'll give you time to amend, and the state would say, yes, and we'll pay your lawyer and we'll pay your expert to help you fill in the bare bones. I would have no problem saying the state's giving him a shot, but you're saying you won't do that. I guess I can't commit to that standing here at this moment. It's just based on my understanding at this moment. But that's not required. Your instruction is that when you go to court, don't leave anything with your arms. So I'm just not prepared to say, I can't really say one way or the other on that. My understanding is that those due process protections don't attach, but if I'm wrong, I certainly have to go up to the court. But that's my understanding of this. And in any event, Mr. Panetti was, to be sure, he has been represented by counsel throughout. So if it's just, and again, the intention here is to require this threshold of showing. So ultimately the court is going to have to decide whether or not he has to exhaust his claim. And if it is excused here, I think... That will be decided in a federal habeas petition. We might hint one way or the other, but that's not really in front of us today, is it? No, only to the extent that it informs the question of whether the district court used its discretion to deny a claim. Right, right. Because the district court denied funding because it concluded that the evidence he offered was not different in time and therefore did not reach the threshold. But the district court could have easily also decided that the claim was unexhausted and therefore denied the claim. And we raised the exhaustion issue in the district court. The district court didn't mention it in its decision. But that is an alternative basis. And that's something that this court recognized in Brown v. Stevens in deciding what constitutes a substantial need for funding under 3599. The court noted a couple of examples of places where it did not have use of discretion. And one is when a claim is procedurally hard. As Mr. Panetti puts it here. I think we want to be careful not to sanction these attempts to bypass the state system. Now, if there's an as-applied situation in which an individual is not being afforded due process because of how the state court is handling their 4605 motion, that's one thing. Why is it that Green and Drury got free motion funding but not Mr. Panetti? The record doesn't explain. It's up to those judges. It's not required by 4605. But in those cases, perhaps the judge decided that. And you affirmatively opposed funding? In this case? Yes. Yes. But isn't that contrary with the Court of Appeals said in Drury that this is supposed to be a non-adversarial proceeding? Well, that 4605 proceeding is a non-adversarial proceeding. What we have here was a self-designed motion to appoint counsel and seek funding for experts. What if he filed the 4605 motion and in the 4605 motion asked for counsel and experts? Would the state have opposed that? I can't speak on behalf of the lawyers who were there at that time. But if this were happening today, under my understanding of Drury, we know we should not have opposed that motion. Okay. So you could go back to the state court, file a 4605 petition, ask for counsel and experts, and the state would sit by and not oppose it? Correct. Okay. And so the trial court might well appoint counsel and experts under that scenario? Yes. It's entirely possible. Right. What if the state's position is that? When they go to go out there and file it, what are you going to argue to that court? Well, in that initial 4605 motion, well, that brings us back. I guess that brings us back, though, to are we in the same scenario that we're in that led us here? Are they going to file a motion that's not a 4605 motion? What if they file? We say you need to exhaust. They go back and file a 4605 motion and say, you know, we recognize that what we file doesn't get us there, but we want counsel and an expert to give us 20 days, 30 days to get there. Would the state oppose that? Assuming their motion, that motion presumably would include the evidence that they got. And they say this may not make it, but if we get counsel and an expert, we think we can. Why don't you just agree with it? That's true. Why don't you just agree with them? And get on with it. That's what I understand. If you're going to let them have counsel and an expert give it to them, why do we have to get yo-yoing back? Well, because, I mean, at this point, the procedure has not been convoked. And so if we do go back and they file this Article 4605 motion, then it's up to the state. You may go to Lake Law and we're trying to resolve this particular case. If I get your latest articulation here, I see absolutely no reason why you cannot simply agree to the appointment of counsel and an expert and conduct a hearing. Now, that affords the state the opportunity to conduct the hearing and everything else you want to do. And then you can go through the ordinary process. But I'm not sure that that sounds like you're willing to agree to that. Right. As I understand it. You're saying, well, that might work. Why don't you try it and see? No. I think we're missing a step here, which is they file that initial motion, and it is that motion that the state court looks at and says, okay, does this reach the threshold to entitle you to additional funding under the language of 4605 to mental health experts? And so the court here would say, okay, it's unexhausted. Send it back to the state court. My understanding of how this should go is they would prepare an Article 4605 motion with the evidence they have and file that to the state trial court. And then the state trial court then has the decision based on what they file as to whether or not it wants to appoint additional counsel or the two experts constituted in the statute to go forward and make this full forward payment. But if the state trial court looks at that motion as it is based on the evidence that they currently have and decides this doesn't meet the threshold, then that's it. That would be the decision. But then we would have a decision that's adjudicated on the merits. And then the federal courts could decide whether, in that case, it was a non-due process not to appoint counsel and experts. Yes. We don't have that yet. The procedure has not yet been imposed. So who's to say? I mean, I don't know if the state trial court had a proper 4605 motion with the same evidence attached. It may very well have concluded. All right, if they go back to the state court and file a 4605 motion with what they have, with everything we've seen, what would the state's position be? And do you have a right to have a position? No. Not at that initial stage. It is not contemplated to be an adversarial position. That's where we said that. The problem is you've already made it adversarial once. And I don't know how you can raise that. I can't speak to the timing. Part of the problem there, though, is that it's not an Article 4605 motion. So we opposed it. And candidly, I mean, we opposed it on merit. But under my reading of blurry, if the proper 4605 motion is filed, that is an ex parte or one-sided showing at the outset. Look at it this way. I understand all those arguments about what happened back there. Given where you are today, it might be a false course to see if you can't disagree with it. You have these people who are hearing and are aware. And that's a good point. Part of the question of whether there's an amnesty competent to be executed, I don't know for that. I mean, you can't do that. You can't do that. I don't know how legally you've done that. But that's a good point. Certainly. And I'm happy to discuss this both with many of the attorneys and with the folks on our end.      I think that's a good point. What you're dealing with is an individual who is convicted of killing two persons in the family members and has indisputably been grievously ill for decades. And he hasn't been seven years have passed since the last determination. There are some suggestions that he's hallucinating to another thing. The question is, why don't we just try to ask the issue and find out? And if he either is or isn't, if the high court wants to change the definition, we'll all do that. But based on what we have now, I think we'll resolve that question. In fairness to the state, in fairness to the people. Certainly. And I agree that these are important issues that should be fully explored. Well, with great respect, we've been down that road once. And part of the reason that we took so long is because it went through the federal courts and we'll be right back here in three or four years, or however long it takes. I mean, that's not an answer to the procedural issues that they're forming. Right. I would just note, in closing, that the threshold requirement is 4605 and 3599. It serves a role, and that is to ensure that these cases don't continue to drag on. No question. No one questions that. The question is, in this case, these facts, where are we? I don't want to decide cases. All right. Thank you. I appreciate your assistance. Thank you. Thank you. Any further? Thank you. I just want to make a couple of points. Number one, if you look at the court opinion, the court opinions, I should say, you'll count seven justices there who assume that Mr. Ford was represented by counsel. There's no question about that. Article 4605, if you look at the statute closely enough, it says some person is going to do this. It doesn't even say an attorney. So it does bring up that question. But how in the world is someone who is potentially incompetent to be executed going to meet that threshold? And the state has put us in a great position. But you do see the problem. This is a procedural conundrum. I'm not saying you shouldn't. You get counsel. You get an expert. The state court finds incompetent to be executed. The federal court. You've got a very short time period unless the state sets the execution out, six months, a year, whatever the time period. Then it's got to go up to the U.S. Supreme Court. And so every time you get a new execution date, you just start over and over again. What's your solution to that? Well, I don't think there is a solution necessarily, Your Honor. How many times do you get a competency hearing? Until his death? No, we don't because you still have to make that threshold shown that this is not a claim that is being filed for the purposes of delaying the execution. We've got to show something new since the previous competency determination. So every time there's a forward claim, the claimant has to overtime it. Let's say it's not very colorable. You less a new fact. The state trial court denies it. The federal district court denies it. The circuit denies it. Then you wait until the Supreme Court to review it. That's going to take at least a year, right? It's hard to say, Your Honor. It can take longer if the Supreme Court takes it and changes the definition. That's what's happening. It's going to get strung out. It's going to take a year. The process that took, what, 50 years? Struggling with this issue. It's a very difficult issue to formulate itself. And there's no doubt that the Supreme Court has recognized the problems, the problems that forward claims present. And Justice Conover herself and her father said in court that that would definitively determine a person's competency for execution until the very moment of execution. But again, that would have to show some change in circumstances, some new evidence since that last competency determination. So that's what would eventually prevent the execution from being stable. One other point I wanted to make is that the Drury case does come alive. It's clear on page 527 of that opinion that the court granted the state, the convicted court, granted our motion for funding for an expert. I believe we filed that ex parte so that the state didn't have an opportunity to oppose it. But what the state is suggesting here is that we're simply to roll the dice, take our chances in the state court when we don't have that funding for an expert and just hope that we meet the threshold. Based on our experience, without that expert opinion attached, after a face-to-face evaluation, we're not going to meet that threshold. And I think our ---- Well, should we send it back and give the state district court, give you a chance to file 4605 and give the state district court a chance to appoint counsel and expert and see what happens? I don't think so, Your Honor, because that process is going to be inadequate. We've already attempted to do it. No, let's say that we say there is an adequate state process, at least on the books. You didn't avail yourself of it. And if they apply it to you, they're applying it in such a way that it's unconstitutional. That's a matter. But shouldn't we at least require you to file 4605 and see if you can meet the requirements? Well, I think we're going to be caught in a fatal catch-22 there then, Your Honor, because if we don't make the substantial threshold soon ---- Well, how do we know the trial court won't appoint counsel and an expert will allow you to try? Well, we don't know for sure, Your Honor. But based on the cases that we've been involved in and the cases that we've cited, almost in every instance that I'm aware of, the courts have wanted to have that expert opinion after conducting a face-to-face evaluation. And short of that, we're going to have problems meeting that threshold. If we don't meet the threshold, and that's an adjudication of merits of the ACTA, we're going to provide a death sentence when it comes to the federal district court. So we're going to have a very difficult time in overcoming that threshold. In conclusion, I'd like to ask this court to allow this claim to move forward, to appoint counsel, to provide funding for an expert, and to maintain this case so that the district committee can have a meaningful opportunity to determine whether to best have a claim against the President of the Congress of New Mexico. Thank you. All right. Thank you. Counsel, both sides, will brief me in argument. The purpose of the hearing is to get illumination. I should. We're all here, but I'm not sure how much clearer the issues are, which speaks to the complexity of the matter, but we'll pay attention on that side of the case. Although we hope that you will take to heart the questions and thoughts that the court posed to you and not sent out to the justice It takes to beat this mess. It's a tough, hard case, but within every hard case, there is a solution. We don't live until the counsel comes home and doesn't really address this case. You are his counsel. You are in the best posture to narrow the focus in this case, resolve it whichever way it goes, or at least to narrow the scope of it where it's in the prototypical litigation form as opposed to spinning out sort of academic law student type scenarios. What if this? What if that? What if this? What if that? Both can end up getting some bad luck in that. It just seems to have been a bit of all concern that if the issues are inherited, then the bond's in. We'll do what we have to do to ensure there's a solution somewhere. In the meantime, we will hunker down on what you've filed with us. With that, this concludes the hearing for the day. Mr. Palin, please adjourn.